UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P., and RHM INDUSTRIAL/SPECIALTY FOODS, INC.,

      Debtors.

SSC FARMING, LLC, SSC FARMS I, LLC, SSC FARMS II, LLC, SSC FARMS III, LLC, BLACKSTONE RANCH CORPORATION, MONTEREY PENINSULA FARMS, LLC, SALYER MANAGEMENT COMPANY, LLC, SS FARMS, LLC,

      Appellants,

  v.

SK FOODS, L.P., and RHM INDUSTRIAL/SPECIALTY FOODS, INC.,

      Appellees.
_____/

NO. CIV. S-09-2988 LKK

O R D E R

    This matter is before the court on appeal from a bankruptcy case and related adversary proceeding. On October 16, 2009, the Bankruptcy Judge disqualified counsel for various parties adverse

1

to the debtor. Appellants seek interlocutory review of this order.

Currently pending before the court are two matters. The first is whether to grant leave to file an interlocutory appeal, pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001(b). The parties appear to contend that the briefing on appellants' motion for leave is complete. However, the deputy clerk of the Bankruptcy Court has filed a "notice of incomplete or delayed record," (Doc. No. 8), stating that the designation of record and statement of issues have not been filed.[1] This court's own investigation of the record has also failed to locate these documents. Accordingly, the parties are directed to notify the clerk of bankruptcy court where in the record these documents are located, or alternatively to re-file these documents.

The second matter pending before this court is appellants' motion for extension of the stay of the bankruptcy court's disqualification order. The Bankruptcy Judge initially stayed disqualification until December 18, 2009. Appellants then moved to extend the stay until the appeal was resolved. (Doc. No. 5.) This court preliminarily extended the stay until January 11, 2010, the day on which the motion for extension was to be heard. (Doc. No. 9.) In evaluating the motion for extension, the court must consider whether "(1) appellant is likely to succeed on the merits

---

[1] Although counsel for the trustee contends that this notice is in error, the clerk of the bankruptcy court informs this court that the notice is correct. Giving the parties the benefit of the doubt, the notice at least reflects the clerk's understanding of the record, such that the notice was not inadvertent.

of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." <u>Ohanian v. Irwin (In re Irwin)</u>, 338 B.R. 839, 843 (E.D. Cal. 2006). The first factor, whether appellants are likely to succeed on the appeal, obviously turns on whether leave to file an appeal is granted. The parties' briefing concerning the stay (all of which the court possesses) includes some discussion of this issue. However, in light of the parties' contention that more thorough briefing on this subject has already been prepared, the court declines to determine whether to grant leave (or the likelihood of granting leave in the future) without consideration of this wayward briefing. The court therefore continues the hearing on the motion for extension of the stay until January 25, 2010, so as to allow the parties to complete the record prior to the hearing.

This leaves the question of whether to extend the stay pending the hearing. The appellees contend that any stay imposes a hardship on them, and the court has already granted a three week extension of the stay without discussion of the <u>Irwin</u> factors. At this point, the court concludes that appellants have shown enough of a chance of success on the merits and a possibility of irreparable injury sufficient to outweigh the minimal hardship imposed by a further two week extension.

For the reasons stated above, the court ORDERS as follows:

1. Within 7 days of the date of this order, the parties SHALL EITHER re-file the documents designated as missing

3

1  in the Notice of Incomplete or Delayed Record (Doc. No.
2  8) OR inform the clerk of the bankruptcy court where
3  these documents may be found in the record.
4  2. The stay of the Bankruptcy Judge's October 16, 2009
5  order disqualifying appellants' counsel is EXTENDED
6  until January 25, 2010.
7  3. The hearing on appellants' motion to extend the stay,
8  (Doc. No. 5), is CONTINUED until January 25, 2010.

IT IS SO ORDERED.

DATED: January 7, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT